**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FRANKLIN UNIVERSITY, <br> 201 S. Grant Avenue <br> Columbus, Ohio 43215 <br><br> Plaintiff, <br><br> vs. <br><br> CGFNS INTERNATIONAL, INC., <br> 3600 Market Street <br> Suite 400 <br> Philadelphia, PA 19104 <br><br> Defendant. | Civil Action No. 2:20-cv-5271 <br><br> Judge <br><br> Magistrate Judge |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Franklin University ("Plaintiff" or "Franklin"), for its Complaint against Defendant CGFNS International, Inc. ("Defendant" or "CGFNS"), alleges and states as follows:

**NATURE OF THE ACTION**

1. There is a critical shortage of skilled nursing care in the United States. Franklin helps remedy this shortage by matriculating foreign nursing applicants through an online baccalaureate degree program in nursing ("the Program").

2. This action seeks a declaration that Defendant, the only credentialing organization authorized by law to grant certificates to "alien" nurses" who wish to enter and work in the United States, is acting contrary to law by its stated intention to it will no longer issue "certified statements" to graduates of the Program, even though such graduates satisfy each of the requirements of 8 U.S.C. §1182(r) of the Immigration and Nationality Act (the "Act") to receive certified statements from the Defendant and work in the United States.

3. Plaintiff further seeks a declaration that Defendant's action imposing an English language proficiency requirement upon nurses graduating from, and currently enrolled in the Program is contrary to law because the Act already provides a specific exemption for graduates of the Program from the Act's English language requirement.

4. Previously, Defendant issued certified statements to students who received their Bachelor of Science Nursing degree ("RN-BSN") from Plaintiff's Program and who by law are "exempt from the English language requirements" of the Act pursuant to 8 U.S.C. §1182(r), Defendant has now advised Plaintiff that it will require a foreign graduate from Plaintiff's online nursing program to meet an "English proficiency requirement" by achieving a passing score on one of three standardized English language tests before granting a "certified statement," unless that student's "entry-level nursing education" was completed in a country designated by Defendant.

5. Plaintiff seeks interim, preliminary and permanent injunctive relief preventing the Defendant from imposing unlawful criteria upon recent graduates of Plaintiff's Program and/or retroactively rescinding prior certifications issued to graduates of Plaintiff's Program.

6. An actual controversy exists between Plaintiff, on the one hand, and Defendant on the other, with respect to their rights and other legal relations because of Defendant's statement that it will no longer comply with its legal requirement to issue certified statements to "alien" graduates of Plaintiff's online RN-BSN Nursing program.

7. Defendant's actions are arbitrary and capricious and will prevent nursing graduates of the Program, who are otherwise qualified by education, training, license and experience, from entering the United States to work as skilled, registered nurses. This abuse of discretion by CGFNS also violates Plaintiff's common-law right to due process and is contrary to law.

## THE PARTIES

8. Plaintiff is an Ohio nonprofit corporation with its principal place of business located in Columbus, Ohio.

9. Plaintiff is a private nonprofit institution of higher learning with its main campus located in Columbus, Ohio, and with campuses located throughout the Midwest offering multiple accredited programs, in the classroom and online, at the undergraduate, master and doctoral levels, including an online RN-BSN.

10. Plaintiff's mission is to provide high quality, relevant education that enables the broadest possible community of learners to achieve their goals and enrich the world. The four cornerstones of the Plaintiff's educational philosophy are ensuring academic quality; providing access to educational opportunities; adapting to the needs of students; and, responding to changes in society, professions, and the business community.

11. Defendant is the Commission on Graduates of Foreign Nursing Schools (CGFNS), a Pennsylvania nonprofit corporation with its principal place of business located at 3600 Market Street, Suite 400, Philadelphia, Pennsylvania.

12. Defendant is the only "credentialing organization" authorized by law to issue certificates for "alien" nurses who wish to enter the United States to work in their chosen health care occupation in accordance with 8 U.S.C. §1182(a)(5)(C).

13. Pursuant to the authority conferred upon it by the Act, Defendant evaluates the credentials of foreign educated nurses seeking employment in the United States, including graduates of Plaintiff's Program.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 2201(a) to declare the rights and other legal relations of the parties to this action.

15. This Court has the authority to issue declaratory relief pursuant to Rule 57 of the Federal Rules of Civil Procedure.

16. This Court has the authority to issue the requested injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

17. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims for relief occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

18. Plaintiff's RN-BSN baccalaureate degree Program in nursing began in 1982. The Program is accredited by the Commission on Collegiate Nursing Education's Board of Commissioners.

19. The Program consists of nine (9) online courses, each offered over a six (6) week period. The Program is taught by US faculty and the language of both instruction and textbooks is English. The Program is designed to build on existing education, specifically for registered nurses with an Associate's Degree or nursing diploma, for the purpose of earning a Bachelor's of Science in Nursing ("BSN") degree.

20. The students who are accepted into and enroll in the Program have already received "entry-level nursing education" in Korea, and earn a RN-BSN degree in which the language of instruction is English and the nursing program is located in the United States.

21. The first "Cohort" (i.e., matriculating class of students) in the Program began classes at Franklin in March of 2015. Since then, 167 students in Cohorts 1 through 10 have completed their coursework and graduated from the Program. Defendant found that all graduates of the Program were exempt from the English language requirement or proficiency requirement of the Act. Each graduate received their "certified statement" from Defendant and is presently employed and working as nurses in the United States.

4

22. Under subsection (a)(5)(C) of the Act, an alien who seeks admission to the United States for the primary purpose of performing labor as a health care worker (other than a physician), must present a health care certificate from CGFNS.

23. The health care certificate of subsection (a)(5)(C) of the Act is issued by CGFNS following verification that:

    (i)    the applicant's education, training, license and experience-

        (I)    meet all applicable statutory and regulatory requirements for entry into the United States;
        (II)    are comparable with that required for an American health-care worker of the same type; and
        (III)    are authentic, and in the case of a license, unencumbered;

    (ii)    the applicant has the level of competence in oral and written English considered by the Secretary of HHS to be appropriate for health care work of the kind in which the applicant will be engaged, as shown by an appropriate score on one or more nationally recognized, commercially available, standardized assessments of the applicant's ability to speak and write; and,

    (iii)    if a majority of States licensing the profession in which the applicant intends to work recognize a test predicting success on the profession's licensing or certification examination, the applicant has passed such a test or has passed such an examination.

24. All of Plaintiff's graduates from the Program continue to meet the education, training, license and experience criteria enumerated in subsection (a)(5)(C) of the Act.

25. 8 U.S.C. §1182(r) provides an exemption from the application of subsection (a)(5)(C) to certain alien nurse applicants who wish to enter the United States to work as nurses.

26. CGFNS is authorized by Subsection 1182(r) of the Act to issue certified statements (rather than certificates under (a)(5)(c)) to nurse applicants ("applicants") seeking to enter the United States to work as nurses if the applicant satisfies each of following requirements:

        (1)    the applicant has a valid and unrestricted license as a nurse in a State where the applicant intends to be employed and such State verifies that the foreign licenses of the applicants are authentic and unencumbered;

5

      (2)    the applicant has passed the National Council Licensure Examination for Registered Nurses ("NCLEX-RN");

      (3)    the applicant is a graduate of a nursing program-

          (A) in which the language of instruction was English;

          (B) located in a country-

              (i) designated by CGFNS [Australia, Canada (except Quebec), Ireland, New Zealand, South Africa, the United Kingdom, or the United States] based on its assessment that the quality of nursing education in that country, and the English language proficiency of those who complete such programs in that country justify the country's designation; or,

              (ii) designated on the basis of such an assessment by unanimous agreement of CGFNS and any equivalent credentialing organizations that have been approved for the certification of nurses.

8 U.S.C. §1182(r).

27. Foreign nurses who present a "certified statement" and who have graduated from a school located in the United States are exempt from the English Language requirement of the Act. 8 CFR §212.15(h)(3).

28. Graduates of the Program received their RN-BSN degree and held a valid and unrestricted nursing license in the State of New York or the State of California, the States in which they received job offers and the States in which they became employed.

29. Plaintiff's nursing students who have graduated from the Program received their RN-BSN degree and have taken and passed the NCLEX-RN.

30. The language of instruction and the textbooks used in the Program are in English.

31. Plaintiff is located in the United States.

32. Thus, the nursing students who graduate from the Program and receive their RN-BSN degree meet each of the requirements of subsection 1182(r) of the Act, and therefore, subsection (a)(5)(C) of the Act does not apply to them.

33. Since 2015, Defendant has issued certified statements in accordance with subsection 1182(r) of the Act to all 167 graduates from Cohorts 1 through 10 of Plaintiff's Program, affirmatively verifying that they met each of the education, training, license and experiential requirements of the Act, and were exempt from the English language requirements.

34. Seventeen (17) students are currently enrolled in Cohort 11 of the Program, which runs from April 29, 2020 through February 13, 2021. Currently, 18 students have applied and been accepted for Cohort 12, which runs from October 19, 2020 through August 7, 2021. Defendant has recently advised Plaintiff that it will no longer issue certified statements to graduates of Cohort 11 because Defendant believes they are not exempt from the English language proficiency requirement of the Act. As a result, the status of students in Cohort 11 is "in limbo" as to obtaining a certified statement since they are now at the mercy of Defendant's interpretation and application of the English language requirement of the Act.

35. Moreover, Defendant's actions will also adversely affect applicants for Cohort 12 who were led to believe that upon graduation from the Program, they too would also be exempt from the English language requirement of the Act and this eligible to practice in the United States.

36. CGFNS has supplanted and eviscerated the statutory requirements of 8 U.S.C. §1182(r) by establishing and substituting non-statutory criteria to determine whether to exempt nurses from the English language requirements of subsection (a)(5)(C) of the Act, thereby effectively rewriting this provision of the Act.

37. To assess the language proficiency of applicants, CGFNS states that it will now require that: 1) the language of textbooks used and verbal instruction received were in English, **and** 2) their **"entry-level" nursing education** was completed in one of the countries designated by Defendant.

7

38. CGFNS has advised Plaintiff and foreign nursing recruitment agencies that the nursing students graduating from the Program are no longer deemed exempt from the English language requirements of the Act because they have not completed their "entry-level nursing education" in one of the countries approved by CGFNS.

39. Therefore, according to Defendant, graduates holding a BSN-RN degree from the Program must now successfully pass an English language proficiency examination to obtain a certified statement.

40. An actual and substantial controversy exists between the parties as to whether Defendant's actions imposing criteria different from those imposed by the Act, and which serve to deny graduates of Plaintiff's Program a certified statement to enable them to enter the United States to work as licensed nurses, are contrary to law.

41. An actual and substantial controversy exists between the parties as to whether Defendant's refusal to issue a certified statement to graduates of the Program is arbitrary, capricious, an abuse of discretion, discriminatory and contrary to law.

## COUNT I

**(Declaratory and Injunctive Relief)**

42. Plaintiff incorporates by reference, as if fully rewritten herein, each and every allegation contained in the preceding paragraphs of this Complaint.

43. An actual and substantial controversy currently exists between the parties relating to Defendant's adoption and application of its own criteria in place of and contradictory to 8 U.S.C. §1182(r) of the Act.

44. Declaratory relief will clarify the legal relations of the parties and settle the parties' controversy at issue in this lawsuit.

45. This action does not raise any significant concerns between federal and state courts.

46. There is no preferable, alternative remedy that is better or more effective than declaratory relief.

47. Declaratory relief will terminate the uncertainty, insecurity, and controversy giving rise to this proceeding.

48. As a direct result of Defendant's actions described herein, Plaintiff, has been harmed, and is entitled to the declaratory relief requested in this Complaint.

49. As a direct result of Defendant's actions described herein, Plaintiff has been harmed and will continue to be harmed, and is entitled to the requested injunctive relief.

## COUNT II

### (Common Law Right of Due Process)

50. Plaintiff incorporates by reference, as if fully rewritten herein, each and every allegation contained in the preceding paragraphs of this Complaint.

51. CGFNS acts as a quasi-governmental authority on behalf of the Department of Homeland Security and the Secretary of Health and Human Services in determining whether or not, and to which nurses to issue certified statements under the Act.

52. CGFNS has a common law duty to employ fair procedures in accordance with the Act when making decisions whether or not to issue certified statements to nurses seeking to enter the United States.

53. CGFNS has mandated that "entry-level" nursing education must be completed in a country designated by CGFNS in order to demonstrate English language proficiency.

54. This mandate is arbitrary, capricious, an abuse of discretion, discriminatory, and otherwise not in accordance with law.

55. These actions of CGFNS are contrary to law because they contradict subsection 1182(r) of the Act which directs that CGFNS issue a certified statement to those graduates of the Program who satisfy each of the statutory requirements of the Act.

56. Defendant's actions described herein violate Plaintiff's common law right of due process, for which Plaintiff is entitled to the declaratory relief requested in this Complaint.

57. Defendant's actions described herein have and will continue to cause irreparable harm and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

58. Plaintiff is entitled to temporary, preliminary and permanent injunctive relief to prevent Defendant from continuing to act contrary to law.

**WHEREFORE,** Plaintiff Franklin University demands that this Court enter judgment in its favor and against Defendant CGFNS International, Inc., as follows:

(i) Declaratory relief providing that:
   a. Defendant's refusal to issue "certified statements" to graduates who: (i) receive their RN-BSN degree from Plaintiff's Bachelor of Science in Nursing Program; (ii) seek to enter the United States to perform labor as nurses; and, (iii) satisfy each of the requirements of 8 U.S.C. §1182 (r) of the Immigration and Nationality Act, is contrary to law;
   b. Defendant erred as a matter of law by promulgating requirements to issue its certification that are contrary to those required by the Act or by the Secretary of HHS;
   c. Defendant's "English Proficiency Requirements" are contrary to law and illegally, arbitrarily and discriminatorily prevent graduates of Plaintiff's Program, qualified by education, training, license and experience, from entering the United States to work as nurses; and,
   d. Defendant's "English Proficiency Requirements" constitute an arbitrary, capricious, abuse of discretion by Defendant, which are not in accordance with law, and which violate Plaintiff's common law right of due process.
(ii) Temporary, preliminary and permanent injunctive relief prohibiting Defendant from continuing to act contrary to law by refusing to issue a certification statement under 8 U.S.C. §1182(r) to the 17 students currently enrolled in Cohort 11 of Plaintiff's Program, on the grounds that they are not exempt from the English language requirements of the Act;

(iii)     Awarding Plaintiff its attorney's fees and costs incurred in the prosecution of this action; and,

(iv)     Such other and further relief as this Court deems just and equitable in the premises.

    Respectfully submitted,

*/s/ Roger P. Sugarman*
Roger P. Sugarman     (0012007)
Sasa Trivunic    (0096722)
KEGLER, BROWN, HILL + RITTER
A Legal Professional Association
1800 Capitol Square
65 East State Street
Columbus, Ohio 43215
Telephone: (614) 462-5400
Facsimile: (614) 464-2634
Email: rsugarman@keglerbrown.com
Email: strivunic@keglerbrown.com

A*ttorneys for Plaintiff*